**Charles K. COLE, Plaintiff-Respondent,**

**v.**

**Ruth M. COLE, Defendant-Appellant.**

**No. 33702.**

St. Louis Court of Appeals,
Missouri,

Dec. 22, 1970.

Roberts & Roberts, Stanley J. Murphy, Farmington, for defendant-appellant.

Robert A. McIlrath, Flat River, for plaintiff-respondent.

BRADY, Judge.

The trial court overruled defendant's motion to set aside a default divorce decree granting a divorce to plaintiff. Defendant appeals.[1]

When plaintiff filed his action defendant was served in the City of St. Louis with a summons and a copy of the petition. The copy of the petition served did not have the affidavit of plaintiff attached thereto to the effect the facts stated therein were true according to his best knowledge and belief and the other statements required by § 452.040, V.A.M.S. The petition filed did have such an affidavit. Defendant took the summons and copy of the petition to her attorney in St. Louis. He advised her that since there was no affidavit the court was without jurisdiction to render a decree of divorce and, on her behalf, filed suit for divorce in the Circuit Court of St. Louis.

Early in September plaintiff's counsel wrote to defendant reciting the dates of suit and service in plaintiff's action; that such service was had before defendant's lawyer filed her action in St. Louis County; and suggesting defendant's action should be dismissed. Defendant's counsel replied reiterating his position the trial court in St. Francois County had no jurisdiction; that defendant's action was proper; and enclosed a copy of a motion pendente lite. This letter was followed two days later by one notifying plaintiff's counsel of the hearing date for the motion.

On October 8, 1969, plaintiff was granted a divorce by default. Although the petition alleged there were three children born of the marriage and then of the approximate ages of 9, 6 and 4, the decree made no provision for their support but awarded custody to defendant. Two days later defendant's Motion for Alimony Pendente Lite was heard before the Circuit Court in St. Louis. Plaintiff moved to dismiss defendant's action offering proof of the judgment in St. Francois County. This was the first knowledge defendant had the plaintiff's action had progressed. The motion was sustained.

Defendant's Motion to Set Aside the Default Decree, to reinstate the cause, and to permit defendant to file her answer and cross bill[2] was filed eleven days later. That motion alleged the facts heretofore set out; that plaintiff had failed and refused to support the minor children although he had substantial earnings; and that, if allowed to do so, she would present evidence refuting the allegations of the petition and establishing that plaintiff was not at any time the innocent and injured party entitled to a decree of divorce.

Upon the motion being argued plaintiff's counsel made the following remarks, among

---

1. Defendant's counsel upon this appeal was not her counsel when the default was taken or when her later action for divorce was instituted in the City of St. Louis.

2. The answer was a denial of the allegations of plaintiff's petition. The cross bill is substantially the same as the matters contained in the offer of proof set out later herein.

others: "MR. McILRATH: Now, if the Court please, I have a few things to say. I'd written that fellow on numerous occasions and told him that we had jurisdiction down here first. I'll also say that there was an affidavit attached to that; if it was taken off someone else took it off. The third thing is that he forced us to go into St. Louis and have a hearing, as that letter says, on P.D.L., and the Judge up there throwed his case out because ours was filed first and we took certified copies of it up there and proved it and the case that he had was thrown out." Defendant's counsel stated the grounds for the motion were that his client had a meritorious defense and there was good reason or excuse for the default. As to the former, he stated: " * * * we will show that in eight months Mr. Cole had paid only $30.00 support for the children in this case; that he was living with another woman on different occasions, and that he left her on every occasion when she was pregnant with Mr. Cole's child and had not supported her during practically the entire duration of the pregnancy." As to the existence of good reason or excuse for the default, defendant's position was (and is) that it is excusable to rely upon the advice of counsel. During the argument the trial court asked: "But is the negligence of her attorney attributable to her?" The court then stated: "It seems as though this St. Louis bird is the one that's at fault. When this woman was served with a summons, if he thought that it was insufficient he, he had a duty to file something down here. * * * I don't think that we can sustain the motion."

Defendant then offered to prove, in addition to the above facts, that the allegations in the petition that she had "fussed, quarreled, and nagged at Plaintiff"; that she left the home on several occasions and refused to tell plaintiff where she had been; and that she stated she does not care for the plaintiff, were all untrue. Additional offers of proof were made that plaintiff failed to support defendant or live with her during the full term of each of her pregnancies; that he lived with another woman during that time; that on the last occasion he was gone eight months and during that time sent her $30.00 for support of the children; that on one occasion plaintiff took one of the children with him when he left, refused to return the child, and when defendant went to retrieve him found plaintiff and the child living with another woman; that plaintiff has prevented defendant from receiving welfare for the children by falsely stating he was supporting them; and that plaintiff was gainfully employed as an over-the-road truck driver earning wages sufficient to enable him to support the children.

At the close of the offer of proof the following occurred: "THE COURT: Mrs. Cole, your trouble was your first selection of an attorney. THE WITNESS: May I say something? THE COURT: If you would of had the services of Mr. Roberts at that time you wouldn't be in this bind. But I'm sick and tired of these St. Louis smart alecks, and he must be that type of man that he hasn't even the courtesy to appear here today."

■ The rule of law applicable to this appeal is one well settled in this state. In Clinton v. Clinton, Mo.App., 444 S.W.2d 677, l.c. 681, the authorities were reviewed and the rule adopted in the earlier cases therein cited were approved. It is unnecessary and repetitious to review them again. Simply stated, the rule is that to justify a trial court setting aside a default judgment the movant must show a meritorious defense and good reason or excuse for the default. In Clinton we held the facts did not reach the standard requiring our reversal. In the instant appeal they do.

If established upon a trial on the merits, defendant's offer of proof clearly would foreclose a decree for plaintiff and, in the absence of proof defendant was neither innocent nor injured, support a decree in her favor. As we read the record, the trial

court had no doubt as to the existence of a meritorious defense. The trial court directed its attention to whether there was good reason or excuse and its remarks evidence the denial of the motion was primarily due to its dismay at defendant's counsel's failure to appear and general attitude —one characterized as peculiar to members of the bar within a certain geographical area. The issue here is not in any way dependent upon defendant's counsel's attitude or geographic or municipal domicile. The issue is whether, since the existence of a meritorious defense is accepted, defendant has shown good reason or excuse for allowing the default to be entered.

■ The trial court felt she did not evidently on the ground defendant's only redress is an action against her attorney. We cannot agree. We do not herein rule upon the conduct of defendant's counsel nor upon the availability to her of any action against him. We view that matter as extraneous to this action. Having in mind the welfare of the children here involved; the fact that the decree entered will foreclose any alimony to defendant; and that she now and, if the decree is allowed to stand, forever is branded as the guilty party in a divorce proceeding, we think it obvious that to relegate defendant solely to that remedy would be to require her to pursue a course of action almost completely ineffective. Under the circumstances of this case defendant's possible action against her counsel, if any does exist, is not exclusive. She has also shown good reason or excuse.

We are not to reverse the trial court's action upon the motion to set aside unless the elements justifying the granting of such a motion so clearly appear that its denial was manifestly arbitrary. Whitledge v. Anderson Air Activities, Mo., 276 S.W. 2d 114, l.c. 116. In this case we can reach no other conclusion. The judgment is reversed. The trial court is directed to sustain defendant's motion to set aside the decree and to allow defendant to file her answer and cross bill.

WOLFE, P. J., and DOWD, J., concur.