Bernard E. HINSON, Plaintiff-Respondent,

v.

Vicki HINSON, Defendant-Appellant.

No. 35744.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 7, 1975.

Anding & Anding, J. L. Anding, Pacific, for defendant-appellant.

Thomas J. Briegel, Union, for plaintiff-respondent.

WEIER, Acting Presiding Judge.

In this divorce case, the court awarded a decree to Bernard E. Hinson against his wife, Vicki Hinson, and placed the custody of their two minor daughters, who were then three and four years of age, in plaintiff husband. Defendant wife, who had failed to appear in court on the day of the hearing either in person or by attorney, filed a motion to set aside the decree the next day after it was entered, alleging in her motion that she had no notice of the hearing and that she had a meritorious cause of action against plaintiff. Upon the motion being denied by the court, defendant has appealed.

We are confronted again with the issue as to whether a trial court has abused its discretion in refusing to sustain a motion to vacate its decree of divorce. There are no certain and fixed rules to determine the results in such cases and each case must turn upon its own facts and circumstances. Clinton v. Clinton, 444 S.W.2d 677, 682 [5] (Mo.App.1969). We therefore turn to the chronology of events as disclosed in the brief transcript.

Plaintiff commenced his action on February 21, 1973 when he filed his petition for divorce alleging that he had been married on August 11, 1967 to defendant and that a separation occurred on February 19, 1973 following a series of indignities. These were described as: defendant abandoned the home of the parties; defendant failed to show love and affection; defendant was mentally unstable to properly care for the children; and defendant left the home and their children without justification or excuse. To this defendant filed an answer denying the allegations as to the cause of their marital difficulties, but admitting the marriage and the birth of their two minor children. She also filed a cross-bill against the plaintiff wherein she recited as grounds for a decree of divorce in her favor that the plaintiff had rendered to her general indignities in that he drank alcoholic beverages to excess; failed to provide for the defendant and their children; and stayed away from the home of the parties without any explanation. These pleadings on behalf of the defendant were filed by her attorney on March 3, 1973.

On May 1, 1973 the court record indicates that the case was passed at the request of counsel. Thereafter, on May 31, 1973, defendant's counsel, who was not counsel at the time of this appeal, filed a document wherein he stated that at the request of defendant he was withdrawing his appearance as her attorney. The court record as of that same date recites that the attorney "withdraws as attorney for defendant". Thereafter, on July 3, 1973, another entry appears in the records stating: "Passed to July 17, 1973". On this last date, the trial began and the appearances recited in the record indicate that counsel for plaintiff appeared but that the defendant was not present or represented by counsel. Preliminary to taking any testimony, the attorney for plaintiff informed the court that his client and witnesses were present and ready, and that he had told his client to call the defendant and tell her that the case was in court and was going to be heard. Counsel reminded the court that this was a case where there had been an attorney, that at this time defendant was not represented, and it was to be submitted on a default basis. The court thereupon ordered plaintiff's counsel to proceed. The court thereupon dismissed defendant's cross-bill for failure to prosecute and heard the cause on plaintiff's petition. During the course of the interrogation of the plaintiff on the witness stand, his testimony was brought out that at the instance and request of his attorney he had

attempted to communicate with his wife earlier that day to tell her that the case would be called in court. Hinson stated that he tried to call her and defendant's mother where she was living, and that the defendant was not there. Hinson thereupon called her grandmother at another city and the grandmother told him that his wife and her mother were supposed to visit there that day. He passed the information on to the grandmother to the effect that the defendant was supposed to be in court. There is no indication that this information was given to the defendant or that she learned in any way that the case was to be submitted on July 17, 1973.

After taking the testimony of two additional witnesses concerning the reputation of plaintiff as to good moral character, and a rigorous cross-examination of the plaintiff as to his drinking habits by the court, the court entered its decree of divorce in favor of plaintiff and against the defendant, and placed custody of the minor children in plaintiff subject to the right of the defendant to visit the children at reasonable times.

The very next day, July 18, 1973, defendant filed her motion to set aside the decree, setting out as her grounds that she had no notice of the hearing and that she had a meritorious cause of action against the plaintiff. On October 3, 1973 defendant's motion was denied and the appeal to this court followed. There is no indication in the record that any attempt was made to offer evidence to support the motion.

■ Although defendant characterized the decree entered against her as one by default, she was not in default at the time that the judgment was taken. Her answer had been filed to the petition and in addition thereto she had filed a cross-bill seeking affirmative relief. Neither did the court treat the case as a default matter,

but required a full submission and testimony on the merits. Defendant's default here actually amounted to a default in her failure to appear at the time that the case was heard.[1] Under the circumstances of this case, however, the same law would prevail had the judgment been by default, for in both instances the hearing upon which the decree was granted was conducted without the defendant presenting evidence, without having counsel present, and in this instance without being present herself. Stieferman v. Stieferman, 219 S.W.2d 864, 866 (Mo. App.1949).

■ Generally speaking, the action of a trial court in sustaining or overruling a motion to set aside a default judgment is within that court's sound discretion. In order to justify the trial court in setting aside such a judgment the defendant must show that he has a meritorious defense and that he had good reason or excuse for failing to file a responsive pleading or to appear in court when required. When such a motion to set aside a default judgment has been overruled, the trial court's action will not ordinarily be disturbed unless these elements are so clearly apparent that it is manifest that the refusal to set it aside was arbitrary. For a review of cases in this area see Clinton v. Clinton, *supra,* 444 S.W.2d at 680. In divorce actions where custody of children is involved, their welfare is of paramount concern. Furthermore, children of tender years should preferably be placed with the mother. Clinton v. Clinton, *supra* at 682 [3]. A dissolution of marriage is a matter with which the state is concerned, and the state is regarded as a party to the suit. In such cases judgments by reason of default of the losing party are especially disfavored by the courts and strict rules pertaining to the setting aside of such judgments are less rigorously applied. Hartle v. Hartle, 184 S.W.2d 786, 789 [3, 4] (Mo.App.1945);

---

1. For discussion of the nature and character of "default judgment", see J. G. Jackson Associates v. Mosley, 308 S.W.2d 774, 777 (Mo. App.1958); see also Kollmeyer v. Willis, 408 S.W.2d 370, 376, fn. 5 (Mo.App.1966).

Cole v. Cole, 462 S.W.2d 172 (Mo.App. 1970); see also Gosnell v. Gosnell, 329 S.W.2d 230, 235 [8] (Mo.App.1959).

In considering the motion to set aside the judgment filed in the instant case, the defendant has alleged that she had no notice of the hearing and then in general terms states that she had been advised that she had a meritorious cause of action. As previously noted, no facts or circumstances were developed by defendant's counsel on this motion either by affidavit or by evidence submitted to the court in support of it. However, the motion alleges that she had no notice of the hearing. In going over the transcript, there is no indication that the attorney who represented her initially in the case notified her when the case would next be called on the docket nor that it would be necessary for her to follow the court's docket with respect to further action in the matter. The testimony of plaintiff indicated that he attempted to advise her of the pendency of the case and the imminence of trial on that very morning when the case was presented to the court. But there is no indication that she ever received the message. In the usual civil case and under normal circumstances the facts existing here would not warrant interference by an appellate court in the exercise of a sound judicial discretion by the trial court when it overruled such a motion to vacate. But because we are extremely concerned with the welfare of two young girls whose custody would normally be best placed with their mother and whose best interest might be served by an adversary hearing with regard to the fitness of their father to have permanent custody, especially in view of the allegations made in defendant's cross-bill, we have concluded that the decree below must be set aside.

The judgment is reversed and the case remanded with instructions to reinstate the defendant's cross-bill.

CLEMENS and RENDLEN, JJ., concur.