**Irene YOUNG, Respondent,**

v.

**Kenneth COLE, d/b/a A–1 Concrete Construction Company, Appellant.**

**No. KCD 28447.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Laurence B. Silks, Kansas City, for appellant.

Jon M. Krebbs, Kansas City, for respondent.

PER CURIAM.

With tenacity, respondent renews in her brief her previous motion to dismiss the appeal on the ground that it was not timely filed. The record shows appellant's motion to set aside a default judgment was overruled in the trial court on November 17,

1975. Appellant then normally had ten (10) days to file his notice of appeal, and he filed it on November 28, 1975, eleven (11) days after the date of judgment entry under Rules 81.04 and 81.05. Respondent fails to note that the tenth day, November 27, 1975, was a legal holiday, Thanksgiving Day, which under Rule 44.01 is not to be included in the computation. The motion to dismiss appeal was therefore properly overruled by this court on May 12, 1976.

This case arose in magistrate court wherein respondent recovered a default judgment on her two-count petition for damages to her home and sewer line by appellant in performing repairs, totalling $3,000.00. Appellant appealed the case to circuit court, where, according to a letter of June 11, 1975, respondent's counsel advised appellant's counsel that the case was set for trial for September 15, 1975. Appellant's counsel mistakenly noted the date of trial on his calendar as October 15, 1975. On September 15, 1975, respondent and her counsel appeared, but neither appellant nor his counsel appeared, and a second default judgment was granted by the trial court in the same amount. The motion to set aside default judgment was filed September 23, 1975, which had as its grounds: "1. That due to the omission and oversight of defendant's attorney; after receiving notice on June 11, 1975 that this matter was set for trial on September 15, 1975, defendant's attorney placed said information on his calendar but through error noted it for October 15, 1975. * * * 4. That defendant has a meritorious defense and allowing this judgment to stand would not be equitable, and would be an injustice to him."

It is clear that appellant's counsel was negligent in not correctly noting the trial date of which he had knowledge, and consequently not appearing on September 15, 1975. In *Edwards v. Rovin*, 322 S.W.2d 139, 142[5] (Mo.App.1959), the motion to set aside the default judgment alleged that defendant's attorney had misunderstood his instructions " 'pertaining to the representation in this matter and therefore failed to appear in Court at the proper time of the

hearing of this matter.' " The court said, "Defendant is chargeable with the failure of his lawyer to appear and any negligence of his lawyer in permitting the default judgment to be entered is imputable to the defendant. (Citing cases.)" In *Linneman v. Whitley*, 402 S.W.2d 76 (Mo.App.1966), the record showed that the trial court had notified appellants' then counsel of the trial setting, and appellants' then counsel failed to appear and a default judgment was entered. The court again iterated the rule, "His [counsel's] negligence in permitting the default judgment to be entered is imputable to the appellants." See also *Fulton v. International Tel. & Tel. Corp.*, 528 S.W.2d 466 (Mo.App.1975); *Ward v. Cook United, Inc.*, 521 S.W.2d 461 (Mo.App.1975); *Askew v. Brown*, 450 S.W.2d 446 (Mo.App. 1970). It is not shown by any set of facts or circumstances that the neglect in this case was excusable, and even if it were shown, the excuse for the neglect *and* the fact that a defaulting party has a meritorious defense must both be shown to the court to entitle him to the setting aside of the judgment. *Cole v. Cole*, 462 S.W.2d 172 (Mo.App.1970).

Not only did appellant not plead *facts* showing that he had a meritorious defense, but no evidence was presented to the trial court on the hearing on the motion to set aside the default judgment tending to show a viable defense. Paragraph 4 of the motion, set forth above, pleads no facts showing a meritorious defense, but is a conclusion only as to that essential element. In *Rose v. Rose*, 401 S.W.2d 946, 948[5, 6] (Mo.App.1966), the court said, "As to the question of meritorious defense, none is set out in the motion. The motion merely pleads the conclusion 'that defendants have a meritorious defense to plaintiff's cause of action.' This is not sufficient. It is necessary that facts showing such meritorious defense must be pleaded in the motion." See *Gorzel v. Orlamander*, 352 S.W.2d 675, 678[3] (Mo.1961). The *Rose* and *Gorzel* cases are controlling.

Furthermore, appellant neither presented to the trial court, nor does he present here,

any issue as to the adequacy of respondent's proof of her damages, which might have given him some relief under the cases of *Sumpter v. J. E. Sieben Construction Company,* 492 S.W.2d 150, 154[14–16] (Mo.App. 1973); and *Decker v. J. E. Sieben Construction Company,* 492 S.W.2d 155, 157[1] (Mo. App.1973), in both of which cases there was presented the issue "plaintiff failed to prove damages of any amount." As the record stands, there is no basis to interfere with the discretion of the trial court in refusing to set aside the default judgment. *Farrell v. DeClue,* 365 S.W.2d 68, 75[9] (Mo. App.1963); *Hinson v. Hinson,* 518 S.W.2d 330, 332[3–8] (Mo.App.1975). Under the state of this record and the cases cited above, the affirmance of the trial court's order is inescapable.

The judgment is affirmed.