**Carol Ann HAYES, Respondent,**

v.

**Ronald Eugene HAYES, Appellant.**

**No. 47659.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Elizabeth W. Swann, Wentzville, for appellant.

Frederick W. Drakesmith, St. Charles, for respondent.

REINHARD, Judge.

Husband appeals from an order denying his motion to set aside a default judgment dissolving the parties' marriage. We affirm.

Wife filed a petition for dissolution of marriage on April 29, 1983, which was subsequently served upon husband. In her petition, wife alleged that the parties had remarried in 1977 and that they have two children, one of which was born during their prior marriage. She stated that they were possessed of certain marital property and had marital debts. She further alleged that there was no reasonable likelihood that the marriage could be preserved. Therefore, she asked that the marriage be dissolved; that she be granted primary care and custody of the children, subject to husband's reasonable right of visitation and temporary custody; that she be awarded child support, attorney's fees, and court costs; that there be an equitable division of all marital property and debts, and that she receive the marital residence.

Husband failed to answer and failed to appear, in person or by attorney at the dissolution hearing. Therefore, the evidence presented at the dissolution hearing came from wife and her introduction of financial statements.

After hearing this evidence, the court on July 5, 1983 entered a default judgment dissolving the marriage. Wife was given custody of the children, subject to husband's reasonable visitation and temporary custody. Husband was ordered to pay child support of $65.00 per week for each child. The court awarded wife the marital home, with her to assume responsibility for the existing mortgage and ordered her to hold husband harmless. The court also awarded wife a 1978 Volvo automobile, subject to a lien, checking and savings accounts in her name, and household furnishings and personal property in her possession. She was ordered to pay credit card balances with various department stores, any other debts incurred in her own name after separation of the parties, and her own attorney's fees.

Husband was awarded a 1975 Ford pickup truck; checking and savings accounts in his own name and personal property in his possession. He was also awarded his life insurance policy and his pension fund. The court further ordered husband to carry the minor children on his medical and health care plan.

Subsequent to entry of the dissolution decree, husband filed a timely motion to set aside the default judgment. *See Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984). He alleged that the petition was filed April 29, 1983 and he was served May

10, 1983. However, he alleged in his motion that he had no knowledge of the hearing until his wife gave him a copy of the proposed decree subsequent to its being held. He further alleged that he had a good and meritorious defense to the action in that the parties were living in a marital relationship at the time, and that he failed to file an answer and defend only because wife led him to believe she was not going to prosecute the case.

The court held a hearing on husband's motion on August 1, 1983, at which both husband and wife testified. Husband testified to the effect that both he and wife were living in the same house and he did not believe she was going to proceed with the dissolution. On this matter, wife stated that husband was present in the house subsequent to filing the petition only because he refused to leave; she denied any sexual activity during this period. Wife further denied ever indicating that she would not proceed with the action. Indeed, she indicated that she had instructed husband to hire an attorney. After hearing this evidence, the court concluded that it believed wife's testimony on the disputed matters.

■ Generally, whether to sustain or overrule a motion to set aside a default judgment is within the trial court's sound discretion. Ordinarily, we review the court's refusal to set aside a default judgment on the basis of whether it is "manifest that the refusal to set aside was arbitrary." *Hinson v. Hinson*, 518 S.W.2d 330, 332 (Mo.App.1975). In applying this standard, we are mindful of the admonition of Judge Weier in *Hinson*, that strict rules pertaining to such judgments are less rigorously applied in dissolution cases, especially in matters involving child custody. *Id.* at 332.

■ In the present appeal, husband confines his brief to the trial court's division of marital property. Nowhere in his motion or brief does husband challenge the order as to child custody. In light of the trial court's specific findings as to husband's motion complaints, we find no abuse of discretion by the trial court in denying the motion.

■ Furthermore, a review of the record with respect to marital property does not lead us to believe that the court erred in its distribution. The trial court's division must be just and equitable, but an equitable division need not be equal. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo. App.1982); *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981).

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.