Carolyn **BEHLMANN,**
Petitioner-Respondent,

v.

A̱rthur John **BEHLMANN,**
Respondent-Appellant.

No. 51152.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 1987.

Motion for Rehearing and/or
Transfer Denied
June 2, 1987.

Application to Transfer Denied
July 14, 1987.

Richard H. Edwards, Clayton, for respondent-appellant.

Cordell Siegal, Clayton, for petitioner-respondent.

PER CURIAM:

Dissolution case. No children were born of this six-year marriage which was the second marriage for each party. Husband appeals challenging the trial court's allocation of certain property as separate property and the division of the marital property. He also contends the court erred in various other rulings. His principal complaint, however, relates to the division of the equity in the residence which the parties held as tenants by the entirety at the time of trial.

At the time the parties were married, wife owned a home that was sold during the course of the marriage. The net proceeds from that sale constituted the down payment on the home the parties owned at the time of trial. The trial court found this home to be marital property, but it allocated a major portion of the equity to wife.

In reviewing a court-tried case, we give due deference to the trial court on the issue of the credibility of witnesses, and we must affirm the judgment unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We note that the trial court in a dissolution case is not required to make an equal division, but only a just division, *Hayes v. Hayes,* 671 S.W.2d 423, 425 (Mo. App.1984), and that appellate courts should neither "scour and nitpick the record for

accounting error nor second-guess the trial court's balance of the equities...." *Marriage of Schulte*, 546 S.W.2d 41, 47 (Mo. App.1977). We conclude that the trial court did not err and we affirm pursuant to Rule 84.16(b).

Judgment affirmed.