**In re the Marriage of Harold Edward BROOKS, Petitioner–Appellant,**

**v.**

**Tina Marie BROOKS, Respondent.**

**No. 57961.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1990.

Mark D. Hirschfeld, Clayton, for petitioner-appellant.

Michael Shea, St. Charles, for respondent.

PUDLOWSKI, Presiding Judge.

The appellant in a contested dissolution action in St. Charles County appeals from the trial court's judgment denying appellant's motions to set aside the court's decree of dissolution. The judgment is reversed and the cause remanded.

The appellant, on April 7, 1989, filed his petition for dissolution of marriage and sought the primary custody of the children. He alleged that the children were in his custody. Appellant filed a separate petition seeking an ex parte order of child protection and on August 28, an order granting alternating weekly custody was made. On September 1, 1989, respondent filed her answer and cross-petition for dissolution. In her answer she admitted that appellant had custody of the children.

On January 17, 1990, the cause was called at the 9:00 a.m. contested dissolution docket. This was the first trial setting. Neither the appellant nor his attorney appeared. After the docket call, the respondent's attorney called appellant's attorney in Clayton and advised him that the cause was the number one case for trial. Appellant's attorney said he never received notice of the case setting, that he did not know where his client was and that he was in conference with another client. He immediately called the clerk of the court and was advised that it was truly set and he had to be present.

The respondent's attorney in the meantime had a conversation with the judge and related his conversation with appellant's attorney. Respondent's attorney, after his conversation with the judge, called appellant's attorney and advised him that the matter would proceed. Appellant's attorney said he would try to be there after he was able to contact his client.

Within the hour appellant's attorney arrived at the courtroom but the court was in recess. He explained the situation to the judge in chambers but was advised "the hearing was over." A review of the transcript reveals that the reasons for the judge proceeding with the cause of action was that "in order to preserve the court's rules and the responsibility of counsel to know the court rules we must proceed with the hearing and the court's going to compel you (the respondent's attorney) to proceed."

On January 22, 1990, two affidavits were filed along with appellant's motion to set aside the decree of dissolution. On January 26, 1990, a supplemental motion to set aside was filed. On February 5, 1990, the motions after hearing were denied. On February 13, 1990, appellant appealed.

The appellant's first point on appeal alleges that "the trial court abused its discre-

tion denying Appellant's motion to set aside the judgment, wherein it was entered as a default judgment and pursuant to *Rule 74.05(c)*, the record was undisputed, by uncontested supporting affidavits, that the failure of Appellant and his attorney to appear was for good cause under the rule and Appellant had a meritorious defense against the award of child support as excessive, and the award of primary custody to Respondent, wherein the best interest of the minor children required joint custody of the children."

In *Hamm v. Hamm*, 437 S.W.2d 449, 452 (Mo.App.1969), Judge Titus commented, "a Chinese proverb admonishes us that the beginning of wisdom is to call things by their right names, but our courts, in a display of preference for the Bard of Avon,[1] often observe a pleading is to be judged not by its appellation but by its subject matter." We opt to follow the Bard.

■ Although the appellant characterizes the judgment as a "default judgment" and filed his motion to set aside as per Supreme Court Rule 74.05 (Entry of Default Judgment), we will treat the judgment denying his motion to set aside as a denial of a motion for a new trial. We said in *Hinson v. Hinson*, 518 S.W.2d 330, 332, under similar facts, that the judgment was not a default judgment but a judgment on the merits. The trial court in the case at bar did not treat the case as a default matter but heard testimony on the respondent's pleadings and on the merits. Appellant's default actually amounted to a default in his failure to appear at the time that the case was heard.

■ In *Hinson*, a divorce action with the welfare and custody of the children as one of the issues, the mother failed to appear in court on the trial date. Husband appeared. The court heard testimony and granted the custody of the children to husband. The next day she filed her motion to set aside the decree. She alleged that she had no notice of the hearing and that she had a meritorious cause of action against the hus-

band. The trial court denied the motion and wife appealed. Judge Weier's thoughtful opinion reversed and ordered a new trial.

In the present case, appellant alleged in his motion to set aside that he did not receive actual knowledge of the trial date and that he had a good and meritorious claim and a defense. Further, he had evidence that it was not in the best interest of the children that the primary custody be placed in the respondent. In support of his motion were two affidavits of his attorney and the attorney's secretary alleging that they had not received the court's notice of trial or that they knew of the setting. The affidavit of appellant's attorney further alleged that he did not intentionally fail to appear. He further averred that the primary dispute in the dissolution was the custody of the children and some six months prior to the dissolution trial setting, the appellant had filed an ex parte order of child protection, Cause No. DV189–4438DR in the same circuit court alleging abuse of the children by the respondent. In *Hinson* we said:

Generally speaking, the action of a trial court in sustaining or overruling a motion to set aside a judgment is within that court's sound discretion. In order to justify the trial court in setting aside such a judgment the defendant must show that he has a meritorious defense and that he had good reason or excuse for failing to file a responsive pleading or to appear in court when required. When such a motion to set aside a default judgment has been overruled, the trial court's action will not ordinarily be disturbed unless these elements are so clearly apparent that it is manifest that the refusal to set it aside was arbitrary. For a review of cases in this area see Clinton v. Clinton, *supra*, 444 S.W.2d at 680. In divorce actions where custody of children is involved, their welfare is of paramount concern.... A dissolution of marriage is a matter with which the state is concerned, and the state is regarded as a party to the suit. In such cases judg-

---

**1.** "What's in a name? That which we call a rose    by any other name would smell as sweet."

ments by reason of default of the losing party are especially disfavored by the courts and strict rules pertaining to the setting aside of such judgments are less rigorously applied. *Hinson*, at 332.

In considering the motion to set aside the judgment the appellant has alleged that neither the appellant nor his attorney received actual notice of the setting, that he has meritorious claims and a defense, that it is not in the best interest of the minor children to place the children in primary custody of respondent and that the award for support of the children was excessive. A review of the legal file which contains a copy of the docket sheet reveals no entry of any notice to the appellant, however, the respondent's brief asserts that the trial court verified its records and they reflected that three separate notices, at three separate times, were mailed to appellant's attorney's address advising him of the setting date. Assuming constructive notice had been given, there is no substantial evidence that actual notice was received and is in fact rebutted by the two aforementioned affidavits. It was obvious that appellant did not intentionally fail to appear in light of his constant interest in the custody of the children. We recognize the trial court's interest in the integrity of the court's rules and in the education of attorneys' knowledge of the court rules. These objectives are admirable in light of the heavy dockets which prevail but they simply do not outweigh the welfare of the children especially where the fitness of the mother was questioned in another cause of action. We believe the best interest of the children would be served by an adversary hearing.

The judgment is reversed and the cause remanded with instructions to set aside the judgment and reinstate the appellant's petition.

KAROHL and GRIMM, JJ., concur.