

# Missouri Court of Appeals
## Southern District

### In Division

In Re the Marriage of:             )
Cortney Bender and James Bender  )
                               )
CORTNEY BENDER,           )
                               )
     Petitioner-Respondent,    )
                               )
vs.                           )         No. SD38534
                               )
JAMES BENDER,             )        **Filed:  May 1, 2025**
                               )
     Respondent-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

The Honorable Brandon Fisher, Special Judge

### VACATED AND REMANDED

James Bender ("Husband") appeals the trial court's Proposed Findings of Fact,

Conclusions of Law and Judgment and Decree of Dissolution of Marriage ("Judgment") which

dissolved his marriage to Cortney Bender ("Wife") and awarded sole legal and sole physical

custody of their minor child to Wife.[1]  Following the trial court's entry of the Judgment,

---

[1] Wife filed a motion to dismiss Husband's appeal for failure to comply with Rule 84.04, which was taken
with the case.  This Court has reviewed the record on appeal and Husband's brief and is able to discern
the issues presented to this Court for review.  *See **Jokerst v. Huckaby***, 2025 WL 999968, *6 n.7 (Mo.

1

Husband filed a Motion to Set Aside Judgment and to Render Judgment Void, or Alternatively for a New Trial pursuant to Rule 74.06(b), which was denied by the trial court. Husband presents three points on appeal claiming the trial court erred in denying his after-trial motion because the Judgment is void (Point I), the Judgment is irregular (Point II), and Husband has good cause for a new trial (Point III). All three points on appeal are based on Husband's claim that he was not given notice of a trial setting, trial, or anything other than a temporary dissolution hearing taking place on February 15, 2024, by the trial court. This Court determines Point II has merit and concludes the Judgment is irregular. The Judgment is vacated and the cause is remanded for a new trial.

## Factual Background and Procedural History

Husband and Wife were married August 14, 2018.[2] One child was born during the marriage. On September 28, 2023, Wife filed a Petition for Dissolution of Marriage claiming the marriage was irretrievably broken. Wife sought dissolution of the marriage, sole legal custody and joint physical custody of the parties' minor child, and distribution of the parties' marital assets and debts. Husband filed a *pro se* Respondent's Answer to Petition for Dissolution of Marriage. Husband requested that the marriage be dissolved and that custody of the child be awarded "50/50" to Husband and Wife. Husband indicated that he agreed with Wife's proposed Parenting Plan.

---

App. S.D. 2025). This Court exercises its discretion to address Husband's brief on its merits; therefore, the motion to dismiss is denied. All rule references are to Missouri Court Rules (2025).

[2] The Judgment states the parties were married July 31, 2021; however, Wife testified that she and Husband married August 14, 2018. Wife's Petition for Dissolution of Marriage also listed the date of marriage as August 14, 2018, which was admitted as true in Husband's Answer.

On November 2, 2023, Wife filed a Motion for Temporary Custody and Child Support and Notice of Hearing. The motion alleged Wife had filed a Petition for Order of Protection against Husband that was pending. The motion further alleged the Petition for Dissolution of Marriage had not been set for trial. The Notice of Hearing provided notice to the parties and the trial court that Wife was calling up for hearing Wife's Motion for Temporary Custody and Child Support on November 17, 2023, at 2:00 p.m., in the Cedar County Circuit Court.[3]

On November 15, 2023, the guardian ad litem ("GAL") filed a letter confirming that the case was set for a motion hearing on November 17, 2023, and requested a new hearing date due to a scheduling conflict.

The parties appeared before the trial court, Wife with counsel and Husband *pro se*, on November 17, 2023, at which time the trial court set a "Temporary Motion Hearing" for February 15, 2024, at 10:00 a.m. The trial court's docket entry read: "[Wife] appears in person and with Attorney [J.L.]. [Husband] appears in person, pro se. Temporary Motion Hearing set for February 15, 2024 at 10:00 a.m. /s/ BF[.]"

On November 20, 2023, Husband filed his Answer to Petition for Dissolution of Marriage and a document showing he completed his "Parent Education." On January 22, 2024, Wife filed a Notice of Hearing calling for a hearing on her Petition for Dissolution of Marriage. The notice read: "COMES NOW [Wife], by and through her attorney of record, [J.L.], calls for *hearing* on her Petition for Dissolution of Marriage on February 15, 2024, at 10:00 a.m.[,] in Cedar County Circuit Court." (Emphasis added.)

---

[3] The Notice of Hearing also notified the parties and the court that Wife was calling up for hearing her Motion to Disqualify Guardian ad Litem on that same day, November 17, 2023, at 2:00 p.m.

Thereafter, on February 8, 2024, Wife filed a Motion for Sanctions and accompanying Notice of Hearing calling for a hearing on her Motion for Sanctions the same date and time as her requested hearing on her Petition for Dissolution of Marriage, February 15, 2024, at 10:00 a.m. Two days before the hearing, on February 13, 2024, Wife filed her Form 14 and Proposed Parenting Plan with the trial court.

On February 15, 2024, the parties appeared before the trial court. Wife appeared with counsel and Husband appeared *pro se*. At the beginning of the proceedings, the trial court stated that it had before it three cases: a "dissolution act set for *hearing* today[,]" a child order of protection filed by the GAL against Husband, and "an adult abuse action." (Emphasis added.) The trial court questioned Husband regarding when he was served with the two orders of protection. When Husband responded he believed he was served "[a] couple days ago," the trial court informed him he was entitled to three-day notice on an order of protection unless Husband chose to waive notice. The trial court stated:

> You're entitled to three days on those. It's up to you whether or not – my intention would be just to have the hearing on all these issues today. We're definitely doing divorce today. But by law, you're entitled to three days [before] I can actually have a hearing on the orders of protection. But you can waive that if you just want to have the hearing on all those today[].

Husband responded, "Yes, Your Honor." The trial court then stated:

> So all the cases that I announced earlier, we're going to do all of them today. And we'll talk about all these issues kind of as we go through the process here. So I'll kind of use the divorce as the headlining case. So [Wife's counsel], you're – you're the Petitioner, so go ahead.

Wife's counsel then voiced her understanding of what she believed was actually going to be litigated as follows:

> [WIFE'S COUNSEL]: Thank you, Judge. I – I do want to make sure. The original intention was to do just the temporaries today, but we did file a notice to take up the whole matter. So I wanted to be clear if the Court –

4

THE COURT: It would be my intention that that's what we're going to do today is just get the divorce done. All right?

[WIFE'S COUNSEL]: Okay. And –

THE COURT: I actually didn't say on these cases. [Wife] does appear with her attorney, [J.L.]. [Husband] appears pro se. [GAL, B.H.] appears as well.
So all right. Go ahead.

At no point prior to or on this date did the trial court set or send notice of a trial date to the parties in accordance with its local rules or Missouri Court Rules. Nonetheless, Wife then proceeded to present her dissolution case to the trial court. Wife testified first and requested the trial court award her sole legal and sole physical custody of their minor child with two supervised visits per month awarded to Husband. Wife then presented the testimony of her father in her case in chief before resting her case. The trial court then stated:

[Husband], so you certainly don't have to testify. It's up to you. They're obviously going to ask you questions about things that – that could potentially be criminal actions, I suppose, so you always have the right to remain silent. But if you want to testify, come on up here. It's up to you.

Husband responded, "I don't want to testify, Your Honor." When asked if he had any witnesses, Husband stated, "I don't have any at this time, Your Honor." The trial court did not inform Husband that he would not be able to present witnesses at any later date or time. When no additional witnesses were called, the GAL gave an oral recommendation to the trial court, but no closing arguments were requested or given, and the trial court did not announce a ruling on the petition for dissolution.

On March 1, 2024, the trial court entered the Judgment. The Judgment dissolved the parties' marriage, divided the parties' assets, awarded Wife sole legal and physical custody of minor child, and awarded Wife child support. Husband filed a Motion to Set Aside Judgment and to Render Judgment Void, or Alternatively for a New Trial and an accompanying affidavit.

Husband's affidavit stated that Husband thought he was appearing for a hearing on a temporary order on February 15, 2024; he never received notice of a trial; and he intended to have counsel present at the time of a trial. Specifically, Husband averred:

> [Husband] hereby declares and states as follows:
>
> . . . .
>
> 2. Because nobody ever noted a trial date or even a trial setting, I had no notice of a trial setting, a motion to set a trial date, or that trial had been requested or established.
> 3. I was informed of a "Hearing" for temporary orders on 11-17-23, which the court then continued to 2-15-24. I appeared at that 11-17-23 hearing.
> 4. On 2-15-24, I appeared for the rescheduled hearing to set temporary orders. Because it was only a temporary hearing, I brought no witnesses. I did not hire counsel and planned to do that only after temporary orders were entered and the matter set for trial.
> 5. I was never asked at or before the hearing if I was available for trial or even wanted to do my trial on 2-15-24 or any other date.
> 6. I did not understand that a trial was being conducted and instead thought that only a hearing was to occur on 2-15-24.
> 7. I could simply not afford counsel to handle the case from beginning to end and planned to have counsel by the time of trial.
> 8. I was not even asked during the hearing if I was ready or otherwise wanted to engage in trial, nor was anything said about us doing a "trial." I proceeded in that hearing without counsel because I had not been informed that trial was even imminent. I could simply not afford counsel to handle the case from beginning to end and planned to have counsel by the time of trial.
> 9. At the temporary hearing on 2-15-24, I brought no exhibits because, again, the matter was merely set for a hearing on temporary orders. I was not prepared for trial and had no notice that a trial was being conducted on 2-15-24. I believed that witnesses might be called and evidence introduced during a hearing, so it never occurred to me that we were actually engaging in the trial that would result in the final judgment in this divorce.

The trial court entered a "Judgment on Respondent's After Trial Motions"[4] finding Husband was "given notice that [Wife] was calling for hearing her Petition for Dissolution of

---

[4] Although designated as a judgment, the "Judgment on Respondent's After Trial Motions" is not, in fact, a judgment. It is a ruling on Husband's after-trial motion. The Judgment entered by the trial court, and appealed from, is the Judgment and Decree of Dissolution entered March 1, 2024. This Court notes that a

6

Marriage" and that the Judgment was in the best interest of both parties and the minor child. The trial court ruled in part:

> 1. [Husband] was given notice that [Wife] was calling for hearing her Petition for Dissolution of Marriage.
> 2. Said notice was filed January 22, 2024[,] for a hearing on February 15, 2024.
> 3. While the notice does not state the specific word "trial", it does state that a hearing on the Petition would be occurring.
> 4. The Court made it clear at the beginning of the trial, that, instead of taking the same evidence twice, since [Wife] had noticed up the entire dissolution, judicial economy, along with costs to the parties, made sense to proceed with the entire dissolution.[5]
> 5. Additionally, when informed that the Court was proceeding with the dissolution, [Husband] did not object and [Husband] provided no testimony on his own behalf when offered.

Husband now appeals. Husband claims the trial court erred in denying his Motion to Set Aside Judgment and to Render Judgment Void, or Alternatively for a New Trial. Husband presents three point on appeal; however, because Point II is dispositive of the appeal, we do not reach the other allegations of error.

## Point II

Husband claims in Point II the trial court erred in denying Husband's after-trial motion to set aside the Judgment as irregular pursuant to Rule 74.06(b)(3) because:

> the entry of the dissolution judgment was irregular by definition *in that* the judgment was entered despite the trial court file being bereft of any written notice of a trial setting, and [Husband] was never given written notice of a trial setting or of anything other than the setting of a temporary dissolution hearing.

---

ruling on a Rule 74.06(b) motion can be treated as an independent action and judgment if filed after the judgment it is directed toward becomes final. *Interest of M.M.B.*, 676 S.W.3d 504, 506 (Mo. App. S.D. 2023); Rule 74.06(d). Husband filed his motion before the Judgment was final.

[5] This Court's review of the transcript finds no statement by the trial court that it was proceeding with the entire dissolution for "judicial economy," "instead of taking the same evidence twice," or to save costs to the parties.

Husband argues he was not given a meaningful opportunity to be heard at a meaningful time and in a meaningful manner in violation of his right to due process. We agree.

*Standard of Review*

This Court reviews the trial court's ruling on a Rule 74.06 motion for an abuse of discretion. ***Interest of M.M.B.***, 676 S.W.3d at 507. "A ruling constitutes an abuse of discretion when it is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." ***Cox v. Kansas City Chiefs Football Club, Inc.***, 473 S.W.3d 107, 114 (Mo. banc 2015) (internal quotations and citation omitted). "Additionally, 'where custody of children is involved . . . the strict rules pertaining to the setting aside of such judgments are less rigorously applied.'" ***S.S. by and through T.R.S. v. K.E.J.***, 607 S.W.3d 266, 269 (Mo. App. E.D. 2020) (quoting ***Brooks v. Brooks***, 800 S.W.2d 468, 470-71 (Mo. App. E.D. 1990)).

*Analysis*

Rule 74.06(b)(3) provides a party relief from a judgment that is irregular.

**74.06. Relief From Judgment or Order**

. . . .

**(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ***(3) the judgment is irregular***; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

(Emphasis added).

"An irregular judgment is one achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice." *Interest of M.M.B.*, 676 S.W.3d at 507 (quoting *Interest of B.K.B.*, 655 S.W.3d 16, 23 (Mo. App. W.D. 2022)). "A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition . . . ." *Lambert v. Holbert*, 172 S.W.3d 894, 898 (Mo. App. S.D. 2005).

> "An irregularity may be defined to be the want of adherence to some procedural rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time, or improper manner."

*Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985) (quoting *Casper v. Lee*, 245 S.W.2d 132, 138 (Mo. banc 1952)).

> In *Albert J. Hoppe, Inc. v. St. Louis Pub. Serv. Co.*, our Supreme Court observed:
>
> In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests ) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure.

235 S.W.2d 347, 350 (Mo. banc 1950).

Missouri courts have further explained that "[c]onstitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." *Breckenridge Mat. Co. v. Enloe*, 194 S.W.3d 915, 921 (Mo. App. E.D. 2006); *see also* *Midwest Grain & Barge v. Poeppelmeyer*, 295 S.W.3d 211, 213 (Mo. App. E.D.

9

2009); *S.S. by and through T.R.S.*, 607 S.W.3d at 269. It is incumbent on a trial court to provide formal notice to each party once a trial setting is ordered. *Id.*; Rule 43.01.[6]

Further, the 28th Judicial Circuit's Local Court Rule regarding trial settings, Rule 36, states:

> Rule 36. SETTING CASES FOR TRIAL
> 36.1 REQUEST FOR TRIAL
> (1) For a trial setting in any case in which the issues are joined and discovery is complete, or nearly so, or a reasonable time has elapsed for discovery, any party may informally request a trial setting and the court will set the case for trial.
> (2) In lieu of the informal procedure described in paragraph (1) hereof, the court or any party may secure a trial setting by any of the procedures provided by Supreme Court Rule 63.01.

Rule 63.01 states:

> In all single-judge circuits, orders setting civil actions for trial shall be made:
> (1) Upon the court's own motion, on the first day of any term of court; or
> (2) Upon the court's own motion on any regularly scheduled law day, if five days' written notice (stating the date upon which such order setting the case for trial is to be entered) has been given by the court to all parties; or
> (3) At any time when there is agreement of all parties; or
> (4) Upon request of any party, when the issues have been joined and a reasonable time has elapsed for discovery, if five days' written notice (stating the date upon which such order setting the civil action for trial shall be requested) has been given by the requesting party to all other parties.

Here, Wife and the trial court failed to adhere to the trial court's own local rule and Rule 63.01 to set the matter for trial and to give Husband proper notice that a trial was to take place. Husband was not in default. Husband had previously filed an Answer to the Petition for Dissolution of Marriage and appeared at what he believed were temporary hearings on November 17, 2023, and

---

[6] Rule 43.01 states in part:

> (a) Service—When Required. Each party shall be served with:
> (1) Every pleading subsequent to the original petition;
> (2) Every written motion, other than one that may be heard ex parte; and
> (3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served.

February 15, 2024.  The record is devoid of any indication that a party informally requested a trial setting, that the trial court ever set the case for trial in accordance with such a request, that the parties agreed to a trial date, or that the trial court set the matter for trial on its own motion.  In fact, the trial court's docket entry dated November 17, 2023, stated that a "Temporary Motion Hearing" was to be held on February 15, 2024.  The transcript from the February 15, 2024 hearing, after which the trial court entered its Judgment, reflects no notice to Husband that the parties were engaging in a trial that would result in a final judgment affecting his rights, particularly with regard to child custody.  Instead, the trial court stated its intention to have a *hearing* on the issues and get the "divorce done."

Additionally, the trial court never questioned or informed Husband at any time during the hearing on February 15, 2024, that a *trial* was about to take place or inquired about Husband's legal representation.  Contrary to Wife's assertions in this matter, parties do not unilaterally set matters for trial as she attempted to do in her Notice of Hearing, trial courts do.  *See **S.S. by and through T.R.S.***, 607 S.W.3d at 269; 28th Judicial Circuit Local Rule 36; Rule 63.01.  Certainly, Husband was entitled and required to receive notice that the trial court set the matter for a trial on the merits on February 15, 2024.  A notice filed by a party that a "hearing" on Wife's Petition for Dissolution of Marriage was going to occur on February 15, 2024, does not suffice.  Nor does the trial court's pronouncement on February 15, 2024, at the start of the proceedings that the court had a "dissolution act set for hearing today[,]" that "my intention would be just to have the hearing on all these issues today.  We're definitely doing divorce today[,]" or "[i]t would be my intention that that's what we're going to do today is just get the divorce done[,]" where no prior notice was given to Husband that the matter was proceeding to trial on that date.  Moreover, at no time did the trial court refer to the matter as a "trial[.]"

11

We conclude there was insufficient notice to Husband that a trial, not a temporary hearing, was about to take place on February 15, 2024, and therefore Husband was deprived of a meaningful opportunity to be heard at a meaningful time and in a meaningful manner in this case. The Judgment is therefore irregular. Point II is granted and it is dispositive.

## Conclusion

The trial court abused its discretion in denying Husband's after-trial motion to set aside the Judgment as irregular pursuant to Rule 74.06(b)(3). The Judgment is vacated and the cause is remanded for a new trial.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J. WEST, J. – CONCURS