### In re the MARRIAGE OF Mildred I. FALES, Petitioner-Respondent,

### and

### Donald F. Fales, Respondent-Appellant.

### No. WD 31839.

Missouri Court of Appeals, Western District.

June 9, 1981.

Lester E. Adams, Jr., Kansas City, for respondent-appellant.

Michael J. Svetlic of Duggan, Keleher & Svetlic, P. C., Kansas City, for petitioner-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is an appeal from a default judgment for legal separation. The judgment is affirmed.

Appellant presents several points directed to the trial court's decretal disposition of properties and assessment of fees and costs. These points are not ruled on in this opinion. These points are matters which might be properly considered on appeal from a judgment on the merits, but they are not before this court because the present appeal lies from the trial court's overruling of appellant's motion to set aside a default judgment, *Rose v. Rose*, 401 S.W.2d 946 (Mo.App.1966). The only issue before this court is whether or not the trial court abused its discretion in refusing to set aside the default judgment. On this appeal, no allegation of abuse of discretion is made by appellant.

The parties were married on August 8, 1968, and separated on November 1, 1978. Appellant took up residence in Denver, Colorado. The question of jurisdiction is not contested by the parties, and review of the record sua sponte reveals that jurisdiction is not wanting. Appellant filed his answer, which claimed that the petition failed to state a cause of action and admitted that the marriage was irretrievably broken.

The answer went on to say that a cross petition would be filed by appellant. The record reflects a subsequent cross petition for dissolution of marriage.

The record reveals that no children were born of the marriage. The record also reveals that the court made a finding that the marriage was irretrievably broken and that disposition of the properties, both marital and premarital, along with assessment of attorney fees, was made.

This proceeding became one of default through the appellant's actions. Appellant requested a trial setting, and the case was set for hearing on April 16, 1980. On March 28, 1980, respondent filed her motion for sanctions after appellant refused to answer interrogatories. This motion was set for disposition on April 3, 1980. On April 2, 1980, appellant filed a voluntary dismissal of his cross petition. On April 3, 1980, after notice was given and appellant failed to appear, the court held a hearing on respondent's motion for sanctions. The motion was sustained and appellant's answer was stricken. On April 16, 1980, a hearing was held on the original petition. Appellant did not appear in person or by counsel, and judgment was entered. On May 9, 1980, appellant filed a motion to set aside the judgment. A hearing was held on this motion, and appellant attempted to relitigate the issues of property disposition and to explain why he failed or refused to answer interrogatories. Appellant failed to present any meritorious defense, and lacked any good reason to have his responsive pleading reinstated or to explain why he failed to appear in court when required.

■ Generally speaking, the sustaining or overruling of a motion to set aside a default judgment is within the discretion of the trial court, and when a motion to set aside is overruled, it will not ordinarily be disturbed absent a showing that such ruling is arbitrary. Justification for setting aside a default judgment requires a showing of a meritorious defense and good cause or excuse for failing to file a responsive pleading or to appear in court when required. *Hinson v. Hinson*, 518 S.W.2d 330 (Mo.App. 1975). The only thing which differs in the instant case from the rule in *Hinson* is that appellant herein made no effort to have his answer reinstated following the court's order of dismissal, and offered no showing of good cause or excuse for failing to do so. This circumstance does not remove the instant case from the rule pronounced in *Hinson*. See also *In re Marriage of Millsap*, 559 S.W.2d 69 (Mo.App.1977).

■ In addition to appellant's failure to show a meritorious defense and good cause for failure or excuse to have his answer reinstated, and for failure to appear in court when required, appellant does not challenge the exercise of discretion by the trial court in refusing to set aside the default judgment. This court nonetheless has reviewed this cause and concludes that the trial court did not abuse its discretion. *Hinson* and *Millsap, supra.*

The judgment is, for the reasons set forth herein, affirmed.

All concur.