**Lester K. COMSTOCK, Respondent,**

v.

**Melissa R. COMSTOCK, Appellant.**

No. WD 61132.

Missouri Court of Appeals,
Western District.

Dec. 10, 2002.

Marvin W. Opie, Versailles, MO, for Appellant.

Kenneth O. McCutcheon, Jr., Versailles, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and RONALD R. HOLLIGER, JJ.

ROBERT ULRICH, Presiding Judge.

This appeal by Melissa Comstock (Wife) follows the entry of a default judgment and the denial of a motion to set aside the default judgment. The default judgment dissolved Wife's marriage to Lester Comstock (Husband) and decided issues of child custody, child support, and property distribution. In her only point on appeal, Wife claims that the trial court erred in awarding Husband more than eighty-one percent of the marital property. The judgment of the trial court is affirmed.

Husband and Wife were married on September 12, 1998. They have two children: Kyle, born December 16, 1995, and Amber, born February 3, 1998. The parties were separated on September 13, 2001, and Husband filed a petition for dissolution of marriage on October 30, 2001. Wife was served with the petition on November 16, 2001, but she did not file an answer in this case.

A hearing in this case was held on January 29, 2002. Husband appeared with his attorney. Wife was present at the hearing but was not represented by counsel. Husband testified at the hearing and filed with the court a proposed parenting plan, a Form 14, an income and expense statement, and a statement of marital and nonmarital property and liabilities with his proposed distribution of property. Wife did not testify or otherwise participate at the hearing.

On the same day, the trial court entered a default judgment dissolving the parties' marriage, awarding the parties joint legal custody of the children with primary physical custody to Wife and reasonable visitation to Husband, ordering Husband to pay child support in the amount of $400 per month, and distributing the nonmarital and marital property.

Wife filed a motion to set aside the default judgment on February 19, 2002. A week later on February 26, 2002, Wife filed an affidavit in support of the motion to set aside. The motion was heard and overruled by the trial court on that day. This appeal followed.

In her sole point on appeal, Wife claims that the trial court erred in awarding Husband more than eighty-one percent of the marital property. She argues that the division is so heavily and unduly weighted in favor of Husband as to amount to an abuse of discretion. This point, however, is not ruled on in this opinion. The issue raised by Wife in her point is an issue that might be properly considered on appeal from a judgment on the merits but is not before this court on this appeal. Instead, the present appeal lies from the trial court's denial of Wife's motion to set aside a default judgment. *In re Marriage of Fales,* 618 S.W.2d 260, 260 (Mo.App. W.D. 1981); *Rose v. Rose,* 401 S.W.2d 946, 949 (Mo.App.1966). Thus, the only issue before this court is whether the trial court

abused its discretion in refusing to set aside the default judgment. *Fales,* 618 S.W.2d at 260. Wife, however, makes no allegation in this appeal of such abuse of discretion. Nonetheless, because of the disfavor for default judgments in dissolution of marriage cases, *Reed v. Reed,* 48 S.W.3d 634, 639 (Mo.App. W.D.2001), the issue of whether the trial court abused its discretion in refusing to set aside the default judgment is reviewed here. *See Fales,* 618 S.W.2d at 261 (where court reviewed issue of whether trial court abused its discretion in denying motion to set aside default judgment even though appellant did not allege an abuse of such discretion but instead raised issues relevant to a judgment on the merits).

 Generally, the trial court has discretion to set aside a default judgment, and the trial court's decision will not be interfered with absent an abuse of discretion. *Reed,* 48 S.W.3d at 639. Because of the distaste for default judgments, a trial court is allowed greater discretion in granting a motion to set aside a default judgment than it is in denying such motion. *Id.*

Rule 74.05(d) allows a court to set aside a default judgment upon a motion stating facts constituting a meritorious defense and for good cause shown. Even if a movant shows a meritorious defense, if good cause for failing to file a responsive pleading is not also established, the trial court does not abuse its discretion in refusing to set aside the judgment. *Kocsis v. Kocsis,* 28 S.W.3d 505, 508 (Mo.App. E.D. 2000). "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Good faith mistakes may constitute good cause, and a default judgment can be set aside even if the movant has negligently failed to file a timely answer. *Reed,* 48 S.W.3d at 640.

In this case, Wife failed to show good cause for her default. In fact, Wife did not allege in either her motion to set aside the default judgment or accompanying affidavit any ground constituting good cause for her default. Because Wife did not show good cause for being in default, whether she stated facts constituting a meritorious defense need not be addressed. *Kocsis,* 28 S.W.3d at 509. The trial court did not abuse its discretion in denying Wife's motion to set aside the default judgment.

The judgment of the trial court is affirmed.

LOWENSTEIN and HOLLIGER, JJ., concur.