ROBERT G. ULRICH, Judge.
 

 Oric Arnold appeals the default judgment of the trial court in favor of Howard Kuhlman. Mr. Arnold did not appeal the denial of his motion to set aside the default judgment, filed according to Rule 74.05(d). The appeal is dismissed.
 

 Facts
 

 In April 2001, Mr. Kuhlman and Mr. Arnold entered into an agreement whereby Mr. Arnold would restore Mr. Kuhl-man’s classic Cadillac for a total price of $60,000. The restoration was to be completed by June 1, 2002. In accordance
 
 *417
 
 with the agreement, Mr. Kuhlman paid Mr. Arnold $30,000 as a deposit and delivered the ear to him. Mr. Arnold failed to perform any of the work pursuant to the agreement, refused to refund the $30,000 deposit, and refused to allow Mr. Kuhlman to reacquire his car.
 

 Consequently, on January 22, 2003, Mr. Kuhlman sued Mr. Arnold for breach of contract, conversion, and replevin. Mr. Arnold failed to timely answer the petition. Thus, Mr. Kuhlman filed a motion for default judgment on April 23, 2003. Following a hearing on the motion, at which Mr. Kuhlman testified and Mr. Arnold failed to appear, the trial court entered a default judgment awarding Mr. Kuhlman a total of $60,740. The court itemized the judgment as follows: $30,000 for principal amount, $565 for costs of replevin, $30,000 for punitive damages, and $175 for court costs and service fees.
 

 Mr. Arnold filed his verified motion to set aside the default judgment, as provided by Rule 74.05(d), on August 11, 2003. The trial court denied the motion on November 10, 2003, by docket entry. The trial court entered its judgment denying the motion to set aside on March 5, 2004. This appeal by Mr. Arnold followed.
 

 Points on Appeal
 

 In his two points on appeal, Mr. Arnold claims that the trial court’s judgment awarding punitive damages in the amount of $30,000 was against the weight of the evidence and was a misapplication of the law because punitive damages are not recoverable in breach of contract claims. The issues raised by Mr. Arnold might be properly considered on an appeal from a judgment on the merits.
 
 Comstock v. Comstock,
 
 91 S.W.3d 174, 175 (Mo.App. W.D.2002). Although Mr. Arnold filed a motion to set aside the default judgment as per Rule 74.05(d), he appeals from the default judgment and not from the denial of the motion to set aside the default judgment.
 

 Rule 74.05(d) provides the mechanism for setting aside a default judgment. The rule states:
 

 Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney’s fees and expenses incurred as a result of the default by the party who requested the default.
 

 Thus, Rule 74.05(d) requires that a party seeking to have a default judgment set aside do two things: First, the moving party must plead and then demonstrate both that he had good cause for not filing a responsive pleading and, second, that he had a meritorious defense to the plaintiffs petition.
 
 Reed v. Reed,
 
 48 S.W.3d 634, 639 (Mo.App. W.D.2001). “Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.” Rule 74.05(d). “Good cause shown” is an excuse for nonappearance.
 
 Brants v. Foster,
 
 926 S.W.2d 534, 535 (Mo.App. W.D.1996).
 

 Appeal properly lies from the court’s denial of a motion to set aside a default judgment and not from the default judgment.
 
 Comstock,
 
 91 S.W.3d at 175;
 
 Rose v. Rose,
 
 401 S.W.2d 946, 949 (Mo.App.1966). On appeal, the reviewing court examines whether the trial court abused its discretion when it considered the fac
 
 *418
 
 tors stated in Rule 74.05(d).
 
 Comstock,
 
 91 S.W.3d at 175-76.
 

 Mr. Arnold appeals from the default judgment and not from the trial court’s denial of his motion to set aside the default judgment, making no allegation that the trial court breached its discretion in denying his motion.
 

 The appeal is dismissed.
 

 HARDWICK, P.J. and NEWTON, J. concur.