Wai Sim **MARTIN** a/k/a Caryn Yip, Respondent,

v.

Sean D. **MARTIN**, Appellant.

No. WD 65498.

Missouri Court of Appeals, Western District.

June 6, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Susan C. West Noland, Kansas City, for Appellant.

David P. Chamberlain, Liberty, for Respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH, and JAMES M. SMART, JJ.

THOMAS H. NEWTON, Presiding Judge.

This appeal follows the entry of a default judgment dissolving the marriage between Mr. Sean D. Martin and Ms. Wai Sim Martin and the denial of a motion to set aside the default judgment. Mr. Martin contends that the circuit court lacked

jurisdiction and abused its discretion in denying his post-trial motions.

The Martins had one child during their marriage, and, after they separated, Ms. Martin filed a petition for dissolution of marriage. Mr. Martin received a copy of the petition by mail, without a summons, and an entry of appearance and waiver of service document.[1] He signed and returned the document, and it was filed in the circuit court.

Mr. Martin appeared without counsel at the hearing and indicated his uncertainty when the court asked whether he planned to represent himself. When pressed, Mr. Martin indicated that he would do so. He was given the opportunity to question Ms. Martin and to present evidence, but declined to take advantage of that opportunity.[2] When asked by the judge at the conclusion of the proceeding, "Is this all right with you then," Mr. Martin responded, "Yes, sir." Thereafter, the judgment was issued and Mr. Martin filed motions to vacate the judgment and for new trial. He filed his motions under four Missouri Rules of Civil Procedure that govern the setting aside of judgments: Rule 74.05(d) (setting aside default judgments on meritorious defense and for good cause shown), Rule 74.06(b)(1) (relief from judgment for excusable neglect), Rule 75.01 (modification of judgment for good cause during thirty-day period after entry), and Rule 78.01 (allowing new trial as to any issue for good cause shown).[3] Mr. Martin's motions were denied, and he brings this appeal from the judgment of dissolution.

On appeal, Mr. Martin challenges the circuit court's exercise of personal jurisdiction over him. "In the absence of proof that service was obtained in the manner and form prescribed by statute, the court lacks the power to determine even whether it may assert jurisdiction over the defendant's person, unless the defendant has consented or waived his objections to personal jurisdiction." *Krug v. Abel*, 716 S.W.2d 17, 20 (Mo.App. W.D. 1986) (citation omitted). Submission to a court's jurisdiction can be effected explicitly or by participation in the litigation. *State ex rel. Buffington v. Gaertner*, 657 S.W.2d 957, 958 (Mo. banc 1983). And, in fact, "[a] party may enter an appearance without any service of summons at all." *Id.*

On the claim that the circuit court lacked personal jurisdiction over Mr. Martin, the record is clear that service was defective because service by mail requires service of both the petition and summons. Rule 54.16; § 506.150.[4] While there is nothing in the record to show that Mr. Martin was served with the summons, he did consent to the circuit court's jurisdic-

---

1. This document states:

   COMES NOW the Respondent, Sean D. Martin, and hereby enters his appearance in the above-entitled cause and by his signature on this Entry of Appearance, acknowledges service upon him of this Entry of Appearance and a copy of the Petition for Dissolution of Marriage, which is attached hereto, and waives the necessity of service thereof by an officer.

   IN WITNESS WHEREOF, the Respondent, Sean D. Martin, has hereunto set his hand.

2. As stated in the opinion, Mr. Martin did appear at the hearing and did not participate. Nevertheless, the judgment states "Respondent appears not."

3. Because the alternative motions sought the remedy of a motion to set aside, despite their various bases, "we must be controlled by those principles applicable to an appeal from a motion to set aside a default judgment." *Davis v. Moore*, 610 S.W.2d 665, 669 (Mo. App. E.D.1980).

4. Statutory references are to RSMo. (2000), unless otherwise indicated.

tion by signing an entry of appearance in the case. That, coupled with his attendance at the dissolution-of-marriage hearing demonstrates an affirmative act of consent to jurisdiction that is inconsistent with Mr. Martin's assertion that the circuit court was without personal jurisdiction. *In re Adoption of J.P.S.*, 876 S.W.2d 762, 766 (Mo.App. S.D.1994); *see also In re Marriage of Ottmann*, 764 S.W.2d 153, 155 (Mo.App. W.D.1989) (noting that appearance alone is insufficient to suggest an affirmative act of waiver of a jurisdictional defense). Thus, the circuit court properly exercised personal jurisdiction over Mr. Martin.

Next, Mr. Martin claims that the circuit court abused its discretion in overruling his post-trial motions because it made findings and awards that either violate statutory requirements or are unsupported by the evidence. When we consider an appeal that involves the denial of a motion to set aside a default judgment under Rule 74.05(d), the appeal properly lies from the court's denial of the motion and not from the default judgment itself. *Kuhlman v. Arnold*, 154 S.W.3d 430, 431 (Mo.App. W.D.2005). "On appeal, the re-viewing court examines whether the trial court abused its discretion when it considered the factors stated in Rule 74.05(d)." *Id.* at 431–32 (citation omitted).[5] A party seeking to set aside a default judgment must plead and demonstrate both good cause for not filing a responsive pleading and a meritorious defense to the petition. *Id.* at 431. Because the law does not favor default judgments, circuit courts are allowed greater discretion in granting a motion to set aside a default judgment than in denying such motions. *Comstock v. Comstock*, 91 S.W.3d 174, 176 (Mo.App. W.D. 2002).[6]

The only reasons that Mr. Martin provides for not filing a responsive pleading are that (i) he neither received nor waived his right to service of a summons which would have informed him of his obligation to respond to the petition; and (ii) he had been assured by Ms. Martin that this would be a simple divorce and she would not be seeking anything other than child support. The remainder of his briefing addresses substantive issues raised by the circuit court's judgment, which we do not consider in assessing whether the court abused its discretion in overruling the mo-

5. Rule 74.05(d) provides:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

6. We believe that the judgment at issue was indeed a default judgment. Where a litigant files a responsive pleading but does not appear for trial, *see, e.g., Cotleur v. Danziger*, 870 S.W.2d 234, 236–37 (Mo. banc 1994), the judgment is not a default judgment, but rather is a judgment on the merits, and the court applies a more stringent rule when the litigant seeks to set the judgment aside. A case more similar to the situation at bar is *In re Estate of Miller*, 9 S.W.3d 760, 766–67 (Mo. App.S.D.2000). In that case, the respondent, did not file a responsive pleading, but participated at trial to the extent of cross-examining a witness, seeking copies of exhibits, and making a statement on the merits to the court. *Id.* In contrast, Mr. Martin's participation in the hearing constituted little more than showing up. Thus, he "failed to plead or otherwise defend" the action against him. Rule 74.05(a) (setting forth requisites of default judgment).

tion to set aside the default judgment. While it is true that the summons would have informed Mr. Martin that he had thirty days to respond or risk default under the law, he was clearly on notice when he received the petition that Ms. Martin was seeking attorney's fees, the division of marital property, and maintenance, in addition to child support. Mr. Martin then apparently decided he could continue to rely on the representations that were made before the petition was filed and chose to do nothing. He compounded the error by sitting in silence during the hearing as counsel for Ms. Martin raised the questions and introduced the exhibits that would support her claims. We believe that the circuit court did not abuse its discretion in finding that Mr. Martin's mistake was intentional or recklessly designed to impede the judicial process. Rule 74.05(d). Because Mr. Martin did not have good cause for failing to respond to the petition, we need not consider whether he had a meritorious defense. *Comstock*, 91 S.W.3d at 176.

For these reasons, we affirm.

ROBERT G. ULRICH and JAMES M. SMART, JJ. concur.