**STATE of Missouri, ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,**

v.

**Steven M. McGEE, Appellant.**

**No. WD 66941.**

Missouri Court of Appeals, Western District.

Feb. 13, 2007.

Steven M. McGee, Jefferson City, MO, Acting pro se.

Shaun J. Mackelprang, Jefferson City, MO, Attorney for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Steven M. McGee has been in prison since August 2005 for a life sentence. In October 2005, the State of Missouri filed a petition for Incarceration Reimbursement against Mr. McGee under the Missouri Incarceration Reimbursement Act (MIRA), §§ 217.825 to 217.841.[1] The trial court issued a show cause order requiring Mr. McGee to respond on or before November 28, 2005, to show the inappropriateness of applying his assets to reimburse the State for the cost of imprisonment. Soon thereafter, Mr. McGee received the State's petition and show cause order.

Mr. McGee claims that he sent a response on October 19, 2005, to the Missouri Attorney General's Office, but a copy is not included in the record. Further, the trial court did not receive the alleged response. When Mr. McGee failed to answer the petition, the trial court issued a "Judgment and Order" requiring that ninety percent of the funds in his inmate account be used to pay for incarceration costs. Mr. McGee filed a motion to set aside the judgment, which was denied.

Mr. McGee appeals. First, he alleges that the trial court erred in granting summary judgment[2] to the State because he did not qualify for MIRA; and his Due Process rights were violated. Second, he alleges that the State's action violates the Equal Protection Clause of the United States Constitution because MIRA is not applied to all inmates equally, and the trial court forced him to pay a filing fee twice to process this appeal.

## Analysis

In this case a judgment was entered after Mr. McGee failed to respond to the petition and a show cause order. The trial court considered the State's petition and exhibits supporting the petition. It concluded "that the State of Missouri was entitled to reimbursement for the full amount allowed by law of [Mr.] McGee's assets."

■ There is some question in this case as to how the judgment should be characterized. Mr. McGee claims that it was a summary judgment, whereas the State claims that it is a default judgment, or it could be a judgment on the merits. The Supreme Court has addressed this issue in *Cotleur v. Danziger*, where the court issued a judgment after the plaintiff answered a cross-petition but did not appear in court to defend it. 870 S.W.2d 234, 235 (Mo. banc 1994). The Supreme Court confirmed that a default judgment occurs when a party has failed to answer a pleading or otherwise defend. Rule 74.05(a); *Cotleur*, 870 S.W.2d at 237. If the party had answered the pleadings or otherwise defended against the pleadings but did not appear at trial, the judgment was on the merits. *Cotleur*, 870 S.W.2d at 237. In this case, Mr. McGee did not file an answer nor did he respond to the trial court's show cause order. Thus, the judgment can be considered a default judgment.

■ A default judgment may be set aside if a motion avers that a defaulting party has a meritorious defense and a showing of good cause is submitted within

---

1. All statutory references are to RSMo (2000) and the supplement (2005).

2. Mr. McGee's appeal identifies the trial court's judgment as a summary judgment. However, the judgment in this case was a default judgment, see discussion *infra*.

a reasonable time. Rule 74.05(d). Good cause can be shown when there is a mistake or when the conduct causing the default was "not intentionally or recklessly designed to impede the judicial process." *Id.* Mr. McGee submitted a motion to set aside, which the trial court denied.

 We review the denial of a motion to set aside default judgment and not the default judgment itself. *Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo.App. W.D. 2005). The default judgment is not appealable, except to challenge the subject matter jurisdiction of the court or the sufficiency of the plaintiff's petition. *Id.; In re Marriage of Miller & Sumpter,* 196 S.W.3d 683, 689 (Mo.App. S.D.2006). Mr. McGee's appeal argues the merits of the default judgment stating that MIRA does not apply to him, his due process rights were violated, and the State violated his equal protection rights in the application of MIRA. He presents no points or arguments that address setting aside the default judgment for good cause or that a meritorious defense exists. *See Kuhlman,* 154 S.W.3d at 431–32. Hence, this appeal is dismissed.[3]

PATRICIA A. BRECKENRIDGE and JOSEPH M. ELLIS, JJ. concur.

---

**3.** Even if we had reviewed the merits of these points, Mr. McGee would not have prevailed. MIRA applied because the $2,500 exemption applied only to wages and bonuses earned while a prisoner, not to gifts. § 217.827(b). Furthermore, ten percent of the estimated cost of Mr. McGee's incarceration was $314.77, of his assets of $1,500. Because he did not raise the constitutional challenges in his motion to set aside or, at the earliest opportunity, they were not preserved and we would not have considered them. *State v. Pullen,* 843 S.W.2d 360, 364 (Mo. banc 1992) *cert denied* by *Pullen v. Mo.,* 510 U.S. 871, 114 S.Ct. 200, 126 L.Ed.2d 158 (1993). Finally, Mr. McGee asserts that it was error to require him to pay two filing fees for the appeal. His first notice of appeal was filed out of time, and he had to resubmit a new notice, after leave of court. So, requiring two filing fees was correct.