**BOONE COUNTY, Missouri,**
**Respondent,**

v.

**John H. REDDEN, et al., Defendant,**

**Ann Beasley and Carl Smith,**
**Appellants.**

**No. WD 68724.**

Missouri Court of Appeals,
Western District.

Sept. 9, 2008.

Susan Ford Robertson, Columbia, MO, for respondent.

Jonathan Sternberg, Kansas City, MO, for appellants.

Before JOSEPH M. ELLIS, Presiding Judge, JAMES E. WELSH, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

In September 2005, Boone County filed a petition against numerous landowners with property abutting Howard Redden Road, including Appellant Ann Rae Beasley as trustee of the Ann Rae Beasley Revocable Living Trust, seeking to have Howard Redden Road declared a public road. The County also sought to enjoin two of the landowners from interfering with the public maintenance and use of the road.

After unsuccessfully attempting personal service on Appellant several times, the County accomplished service on Appellant

by publication. Appellant failed to file an answer to the petition. Subsequently, the County filed a motion for summary judgment. Appellant likewise did not respond to that motion. Eventually, the trial court entered a default judgment against Appellant. The trial court also entered summary judgment against all defendants in favor of the County, declaring Howard Redden Road to be a public road and enjoining Carl Smith from interfering with public use or maintenance on the road.

■ In her sole point on appeal, Appellant claims that the trial court lacked jurisdiction to declare Howard Redden Road a public road without first assessing the amount of just compensation the property owners were entitled to from the County. Appellant contends that entering its judgment prior to establishing just compensation violated the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the eminent domain provisions of article I, section 26 of the Missouri Constitution. Indeed, Appellant's brief covers 39 pages, including 23 pages of argument on this issue.

■ But Appellant brings this appeal without having filed a motion to set aside or vacate the default judgment against her. "[A] party may not directly appeal from a default judgment without filing a motion to set aside or vacate the judgment, other than to present questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition." *In re Marriage of Miller & Sumpter,* 196 S.W.3d 683, 689 (Mo.App. S.D.2006).

While Appellant claims that her challenge on appeal is to the subject matter jurisdiction of the trial court, Appellant misconstrues the nature of the County's petition and the action taken by the trial court. The County's petition was filed pursuant to the Declaratory Judgment Act, § 527.010, *et. seq.,* asking the court to determine and declare whether Howard Redden Road was public or private. The County maintained that Howard Redden Road was a public road for several reasons, one of which was that it had been rendered public through the provisions of § 228.190.

Under § 228.190, "all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads." The trial court ultimately issued summary judgment declaring that, based upon the undisputed facts in the case, Howard Redden Road had been open to and used by the public in excess of ten years and had been regularly maintained by the County since at least 1990 and, therefore, the road had been rendered public by operation of § 228.190. The public easement over the property was established by use and arose by operation of law. *Shapiro Bros., Inc. v. Jones–Festus Props., L.L.C.,* 205 S.W.3d 270, 274 (Mo.App.E.D.2006).

Thus, contrary to Appellant's assertions, the trial court did nothing to divest her of any property rights, and the court clearly had jurisdiction under the Declaratory Judgment Act to issue a declaration regarding the property rights of the parties.[1] What the Appellant really wants is to now be able to challenge the constitutionality of § 228.190. In actuality, her claim has nothing to do with the subject matter jurisdiction of the trial court to enter a declaration as to the parties' existing property rights. Consequently, having failed to file a mo-

---

1. Appellant concedes as much in her reply brief, stating: "Ms. Beasley does not challenge whether declaring Howard Redden Road to be a public road was proper...."

tion to set aside the default judgment against her, Appellant may not appeal from the trial court's judgment because she does not bring a claim related to the subject matter jurisdiction of the trial court or the sufficiency of the pleadings. *In re Marriage of Miller & Sumpter*, 196 S.W.3d at 689; *State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 732 (Mo.App. W.D.2007).

Appeal dismissed.

All concur.