James E. REEVES, Plaintiff–Respondent,

v.

**ALLSTATE INSURANCE COMPANY,** Defendant–Appellant.

No. SD 28827.

Missouri Court of Appeals, Southern District, Division Two.

March 2, 2009.

Beth C. Boggs, Vincent H. Venker II, Boggs, Boggs & Bates, LLC, St. Louis, for appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for respondent.

JOHN E. PARRISH, Judge.

Allstate Insurance Co. (defendant) appeals the denial of a motion to set aside a default judgment on a breach of contract action brought by James E. Reeves (plaintiff). The judgment is reversed and the case remanded.

Plaintiff brought a two-count action against defendant. In Count I he sought recovery on an insurance policy issued by defendant for storm-related losses to trees on his residential property, and in Count II for deductions plaintiff asserts were improperly made by defendant in its payment for losses other than those to which Count I is directed. Plaintiff's petition was filed July 25, 2007, and summons was issued for service on defendant in care of the Department of Insurance, 301 High Street, Jefferson City, Missouri. The case was filed in the Associate Circuit Judge Division of the Circuit Court of Pemiscot County, Missouri. The return date on the summons was "22–AUG–2007, 10:01 AM[,] Division II Courtroom[,] PEMISCOT COUNTY JUSTICE CENTER[,] P.O. BOX 228[,] CARUTHERSVILLE, MO 63830." The return states:

RETURN OF SERVICE

SHERIFF OF COLE COUNTY

To *ALLSTATE INSURANCE COMPANY*

You will take notice that original process in the suit against you, a copy of which is attached hereto, was duly served upon

you at Jefferson City, Missouri, by serving the same on Doug Ommen, Director of Insurance,

*K. RANDOLPH,* Designee.

Dated at Cole County, Missouri, this *1st day* of *July,* 2007 @ *1035.*[1] Sheriff's Fee *$20.00.* [Followed by initials that are indecipherable]

> Greg White
>
> Sheriff of Cole County
>
> */s/ John P. Dinkins*
>
> By Deputy

The Department of Insurance mailed a copy of the original process to defendant on August 6, 2007, with correspondence that advised defendant that it had been "duly served ... by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this *1st* day of *August, 2007.*" The correspondence was mailed to defendant at its Market Claim Office, 4400 College Blvd., Ste. 200, Overland Park, KS 66211.

The following judgment was entered in the Circuit Court of Pemiscot County on August 23, 2007:

### DEFAULT JUDGMENT

Now on this 22nd day of August, 2007, the above cause comes on for trial on the merits, the plaintiff appears by his attorney, W. Edward Reeves, and the defendant, having been duly served, appears not; thereupon, the plaintiff submits the matter to the Court and upon the evidence adduced, the Court finds the issues in favor of plaintiff and against the defendant on Count I and finds the defendant is indebted to the plaintiff in the amount of $55,752.82, together with plaintiff's costs herein expended; and the Court finds the issues in favor of plaintiff and against the defendant on Count II and finds the defendant is indebted to the plaintiff in the amount of $5,873.92, together with plaintiff's costs herein expended.

THEREFORE, IT IS ORDERED AND ADJUDGED that plaintiff have of and recover from the defendant the amount of $55,572.82 on Count I and the amount of $5,873.92 on Count II, together with plaintiff's costs herein expended.

> */s/ BDLuber*
>
> Hon. Byron D. Luber, Associate Circuit Judge

Defendant filed an entry of appearance, a motion for change of venue, and a motion to set aside the default judgment on September 4, 2007. The trial court denied the motion to set aside the default judgment by docket entry dated October 11, 2007. Notice of Appeal was filed November 19, 2007. A formal Judgment and Order was entered December 27, 2007. It "ORDERED, ADJUDGED, AND DECREED that defendant's Motion to Set Aside Default Judgment, which relates to the Judgment entered ... August 23, 2007, be ... denied."

Defendant's Notice of Appeal attached a copy of the October 11, 2007, docket entry that denied the motion to set aside the default judgment as the "Order" that was appealed. The docket entry states, "DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT IS DENIED."

■ Defendant's appeal is directed to the order that denied its motion to set aside the default judgment. It is filed pursuant to Rule 74.05(d). "When we 'consider an appeal that involves the denial of a motion to set aside a default judgment

---

1. The parties agree that the July 1, 2007, date is a clerical error; that the petition was served on the Director of Insurance August 1, 2007.

under Rule 74.05(d), the appeal properly lies from the court's denial of the motion and not from the default judgment itself.' " *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo. App.2007), *quoting Martin v. Martin*, 196 S.W.3d 632, 635 (Mo.App.2006).

Notwithstanding that the appeal is from the order that denied defendant's motion to set aside the default judgment, defendant has asserted points on appeal directed to the judgment as well as points on appeal directed to the motion. Points I and IV are directed to the default judgment. Points II and III are directed to the denial of the motion to set aside the default judgment.

■ Default judgment was entered August 23, 2007. No authorized after-trial motion was filed. The judgment became final September 22, 2007, thirty days after its entry. Rule 81.05(a)(1). For a notice of appeal to be effective, it "shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). Having been filed November 19, 2007, more than ten days after the judgment became final, the notice of appeal was not timely with respect to the August 23, 2007, judgment. *See Baxi v. United Technologies Automotive Corp.*, 122 S.W.3d 92, 95 (Mo.App.2003). Points I and IV are dismissed.

■ The judgment that denied defendant's motion to set aside the default judgment was entered December 27, 2007. The notice of appeal, having been filed prior to that date, was premature. However, pursuant to Rule 81.05(b), it is "considered as filed immediately after the time

the judgment be[came] final for the purpose of appeal" and was, therefore, timely.

■ Defendant asserts in Point II that § 375.271[2] rendered the default judgment void in that the judgment was entered less than 45 days following service of process on the Director of Insurance. Chapter 375, RSMo, governs all insurance companies. Section 375.261.1 provides that service of process in actions against insurance companies of this state "shall be made by delivery of two copies of the summons, with copies of the petition thereto attached, to the director of the insurance department of this state, or in his absence to the deputy director of the insurance department, or in the absence of both the director and deputy director, to the chief clerk of the department of insurance, at the office of the director of the insurance division of this state at Jefferson City, Missouri."[3] Service was had by delivery of the required summons and attachments to the director on August 1, 2007.

Section 375.271 prohibits the taking of a judgment by default against a defendant insurance company where service is had upon the director of insurance until after the expiration of 45 days from the date of service on the director. *See Schuh Catering, Inc. v. Commercial Union Ins. Co.*, 932 S.W.2d 907, 908–09 (Mo.App.1996).[4] A default judgment that is entered in violation of § 375.271 is void. *Id.* at 909.

Plaintiff suggests that § 375.271 should not be applicable in this case; that service was not had on defendant pursuant to chapter 375, but pursuant to Rules 54.15 and 54.20. Rule 54.15(a) provides that service of process on certain state officials,

---

**2.** References to statutes are to RSMo 2000.

**3.** The language of this statute was changed in 2008. The changes are not applicable to this case.

**4.** The applicable statute in *Schuh* was § 375.271, RSMo 1994. The language in the 2000 revision of § 375.271 statute is unchanged from the 1994 revision.

including the director of insurance, "shall be made by serving a copy of the summons and petition, together with any remittance fixed by statute, on the respective official." Rule 54.20 prescribes the manner in which returns of service are to be made. The procedures prescribed by Rules 54.15(a) and 54.20 do not vary in any significant way from the statutory provisions in chapter 375 that address service of process on insurance companies.

Plaintiff argues that because the court rules relative to service of process do not state a prohibition on entry of default judgments against insurance companies for the 45-day period stated in § 375.271, that limitation is not applicable so long as service is obtained in accordance with applicable rules. Plaintiff's argument, as this court understands it, is that Rules 54.15 and 54.20 have stream-lined the service of process requirements on a defendant insurance company; that, as part of that process, the 45-day restraint on entering a default judgment has been eliminated. Plaintiff contends that the statutory requirement for a 45-day delay is imposed because "mail delivery was the only means of forwarding document[s]" at the time the statute for service of process was enacted; that "mail delivery has become more expeditious, and has been supplemented by priority mail, private, overnight delivery services, facsimile transmissions, and most recently, electronic mail via the internet." He claims the reason for the 45-day delay in permitting entry of a default judgment is no longer necessary or required.

Plaintiff cites no authority in support of his argument. Further, mindful that Rule 54.18 provides that when there is a statute that contains a provision for a method of service, service may be made pursuant to either the statute or as provided by rule, this court concludes that the 45-day prohi-bition on entry of a default judgment upon service on the director or other prescribed officials of the insurance department pursuant to § 375.271 applies. Defendant's Point II is granted. The default judgment heretofore entered in Case No. 07F2–CV00318 in the Circuit Court of Pemiscot County, Missouri, is void.

Point II being determinative of this appeal, defendant's Point III is moot. The judgment is reversed. The case is remanded.

LYNCH, C.J., and BURRELL, P.J., concur.