DERRICK, INC., Respondent,

v.

Kirk QUIGLESS and Marsha Quigless, Appellants.

No. ED 99257.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 17, 2013.

Zane T. Cagle, St. Louis, MO, for appellant.

David M. Stolze, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Kirk and Marsha Quigless ("Homeowners") appeal from the judgment of the trial court in favor of Derrick, Inc. ("Contractor"). Homeowners contend the trial court erred in entering judgment against them because the judgment was in violation of due process and void in that they did not receive notice of the trial setting. We affirm.

Contractor is a Missouri corporation in the business of supplying labor and materials for residential construction and remodeling. Homeowners are married individuals residing in St. Louis, Missouri.

Contractor and Homeowners entered into a contract whereby Contractor was to provide remodeling work at Homeowners' home. Contractor alleged Homeowners were in default on their payments for the work it completed on their home. Thus, Contractor filed an action against Homeowners for breach of contract and quantum meruit.

Homeowners were represented by Elbert Dorsey and filed an answer and counterclaim, which alleged numerous problems with the quality of Contractor's work.

On January 20, 2011, the case was set for trial in Division 13 on February 14, 2011. On February 10, 2011, Contractor appeared for a pre-trial conference, but

Homeowners failed to appear. The trial court entered an order stating the case remained set for February 14, 2011. On February 17, 2011, the trial court entered an order returning the case to Division 1 for further proceeding. On March 17, 2011, the case was set for trial in Division 21 on April 11, 2011. On April 14, 2011, the trial court entered an order returning the case to Division 1 for further proceedings. The trial court also stated "Cause not reached because of trial." On July 12, 2012, the case was set for trial in Division 7 on August 6, 2012.

On August 7, 2012, the trial court held a trial and Contractor presented evidence after which the trial court entered its judgment. It stated the case came before the court and Contractor appeared, but Homeowners failed to appear. The trial court entered judgment in favor of Contractor and against Homeowners in the amount of $48,510.64.

Later the same day, August 7, 2012, Homeowners filed a motion to set aside the judgment for the failure of notice. This motion was filed by Thomas Carter and indicated Homeowners were represented by Mr. Carter at this point.[1] Homeowners also filed a motion for new trial on August 27, 2012, in which they alleged no notice of the trial was given to them and they did not have an opportunity to be heard and defend.

On September 4, 2012, the trial court denied Homeowners' motion for a new trial without giving a reason.

Homeowners then filed a motion for clarification, stating they filed both a motion for new trial on August 27, 2012 and a motion to set aside the judgment on August 7, 2012. Homeowners were uncertain

of the status of the motion to set aside the judgment, on which they contend the trial court had not specifically ruled.

The trial court issued an order stating "[Homeowners'] original [August 7, 2012] motion styled 'Request for Reconsideration and, or in the Alternative, Motion for New Trial' was considered by the Court as a motion for a new trial. That was the only motion properly before the Court. Said motion was denied by this Court's Order on September 4, 2012." Homeowners then filed an amended motion for new trial on September 28, 2012, which was also denied on October 17, 2012.

Homeowners filed a notice of appeal November 21, 2012. On January 2, 2013, this court issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable judgment. We noted "[t]here [was] nothing in the record on appeal to demonstrate that the [Homeowners'] counterclaim [against Contractor] had been resolved." Thus, Homeowners were directed to show cause on or before January 22, 2013 why this appeal should not be dismissed for lack of a final, appealable judgment. On January 17, 2013, the trial court issued a *nunc pro tunc* order to reflect that Homeowners' counterclaim was denied in the August 7, 2012 judgment. This court issued an order stating "there [was] now a final, appealable judgment" in this case on January, 23, 2013.[2]

◼ Initially, we note Contractor asserts this case should be dismissed because Homeowners' November 21, 2012 notice of appeal was untimely. However, as noted above, there was not a final, appealable judgment until January 17, 2013 when the trial court issued a *nunc pro tunc* order denying the counterclaim,

---

1. The record indicates Elbert Dorsey and Thomas Carter are both members of The Law Offices of Collier, Dorsey & Carter, L.L.C.

2. We shall consider the characterization of the judgment as *nunc pro tunc* as mere sur-

plusage as in *Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc. 2003). In *Brooks,* the Supreme Court made clear that *nunc pro tunc* is reserved for correcting clerical errors. The failure to dispose of the counterclaim here was not a clerical error. We consider the decision of January 17, 2013 to be an amended judgment.

which resulted in a final, appealable judgment.[3] Thus, the November 21, 2012 notice of appeal was actually premature. We have held premature notices of appeal are considered as filed immediately after the time the judgment becomes final for the purpose of appeal. *Reeves v. Allstate Ins. Co.*, 282 S.W.3d 368, 371 (Mo.App. S.D. 2009). Therefore, the notice of appeal in this case was timely.

We now turn to Homeowners' sole point on appeal in which they claim the trial court's judgment should be vacated because the judgment it entered against them was in violation of due process and was void in that they did not receive notice of the trial setting. We disagree.

Whether a judgment should be vacated because it is void due to a lack of notice of the trial setting is a question of law that we review *de novo*. *Kerth v. Polestar Entertainment*, 325 S.W.3d 373, 378 (Mo. App. E.D.2010).

■■■ A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* The fundamental requirement of due process of law is the opportunity to be heard. *Id.* This right to be heard has little worth unless one is informed that a matter is pending and can choose whether to appear or default, acquiesce, or contest. *Id.* Missouri courts have held constitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner. *Id.*

■■■ Unless the record establishes that the complaining party was provided notice of a trial setting, we may conclude the complaining party did not receive notice. *Breckenridge Material Co. v. Enloe*, 194 S.W.3d 915, 920 (Mo.App. E.D.2006). What constitutes constitutionally-sufficient notice will vary with the circumstances and conditions of a particular case. *Kerth*, 325 S.W.3d at 380. In all instances, however, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. *Id.* at 381. When a person is due notice, the one attempting to notify must use means he or she reasonably calculates to actually provide notice to the other. *Id.* Process which is a mere gesture is not due process. *Id.*

■■■ Here, there is ample evidence in the record that Homeowners were provided notice of the August 6, 2012 trial setting. Contractor contends he attempted to provide notice to Homeowners' counsel by mail. Contractor also cites to a copy of an envelope in the legal file with the last known name and address of Homeowners' counsel with a stamp over it that reads "Return to Sender Attempted, Not Known.[4]" In addition, on August 6 and 7, 2012, the record shows the trial judge attempted to call Homeowners' counsel multiple times and delayed the trial until August 7, 2012 to give Homeowners' coun-

---

3. A proceeding for an order *nunc pro tunc* is an independent proceeding, and in effect a separate lawsuit and the court's ruling therein constitutes a final judgment in a "case," and not an after-judgment order which is an adjunct to a case which has been determined. *McDaniel v. Lovelace*, 392 S.W.2d 422, 427 (Mo.App.1965).

4. To be clear, the envelope was addressed to Elbert Dorsey, who was Homeowners' counsel until Thomas Carter apparently entered the case after the August 7, 2012 judgment.

sel a chance to respond. In spite of these attempts to notify Homeowners' counsel of the August 6 and 7, 2012 trial setting, Homeowners' counsel never responded.

At trial on August 7, 2012, the trial court stated on the record that it had tried to call Homeowners' counsel a few times that morning and the previous day and had left messages each time. Contractor's counsel testified he sent Homeowners' counsel notification of the trial setting. Further, Contractor's counsel testified he sent Homeowners' counsel notice of several previous trial settings and had received no response. There is no evidence Contractor's counsel was ever provided a forwarding address for Homeowner's counsel.

Missouri courts have held that a party has a duty to keep abreast of all proceedings in his or her case from service of original process until final judgment. *Kerth,* 325 S.W.3d at 383. Included in this duty is the party's responsibility to keep the court or counsel informed of any address changes. *Id.*

In this case, there is ample evidence that Contractor's counsel attempted to notify Homeowners' counsel of numerous trial settings. Moreover, there is evidence he attempted to notify Homeowners' counsel of the August 6, 2012 trial setting. Further, the trial court attempted to contact Homeowners' counsel by phone multiple times and left messages, but never received a return call. Lastly, we note that despite allegedly having no notice of the trial setting, Homeowners' counsel filed a motion to set aside the August 7, 2012 judgment on the same day that judgment was issued. There is nothing in the record explaining how Homeowners' counsel after allegedly receiving no notice, suddenly received notice of the judgment and was able to file a motion to set it aside the same day.

We have found where plaintiffs have sent notice to a defendant's counsel at his or her last known address, the defendants' failure to receive notice was due to the defendants' own conduct in failing to notify the court of their change of address. *Id.* at 384. This seems to be exactly the case we have here. As a result, we find Contractor cannot be found at fault due to Homeowners' counsel's failure to remain aware of the proceedings and provide a proper address.

Therefore, the judgment against Homeowners is affirmed because Homeowners' rights to due process were not violated. Point denied.

The trial court's judgment is affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.